FILED
SUPERIOR COURT
OF GUAM

2023 MAY 16 PM 4: 46

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| RUSSELL A. MATULICH and MAKING CHAOS GLOBAL, LLC, <br><br>        Petitioners <br><br> vs. <br><br> ASIA CONNECTIVITY ELEMENTS, INC. <br><br>        Respondent, | SPECIAL PROCEEDINGS NO. SP0154-22 <br><br><br> **DECISION & ORDER** <br> *Re: Preliminary Injunction* <br> *and Peremptory Writ* |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on January 31, 2023 on a status hearing for Petitioners Russell A. Matulich and Making Chaos Global, LLC's ("Petitioners") Request for Leave to File Supplemental Brief in Support of Preliminary Injunction and Peremptory Writ.. The Petitioners were represented by Attorneys Arthur Clark and Minakshi V. Hemlani, and the Respondent was represented by Attorney Peter C. Perez. Having reviewed the briefing presented by the parties and heard oral argument on the issues, the Court hereby **GRANTS** Petitioners' Request for Preliminary Injunction and Peremptory Writ.

## BACKGROUND

On November 4, 2022, the Court granted Petitioners an Order for Alternative Writ of Mandate ("Order") and a Temporary Restraining Order ("TRO") against Respondent Asia

Connectivity Elements, Inc. ("ACE"). The Order commanded ACE to produce all corporate books for inspection by Petitioners. The Court further set a hearing on November 18, 2022 for ACE to show cause why they had not produced all corporate books for inspection and why a preliminary injunction should not be issued. On November 14, 2022, ACE filed its Response to the Order to Show Cause, in which it produced documents pursuant to the Order. Within the Response, ACE also argued that the Court should not issue a peremptory writ because 1) ACE had allegedly already produced much of the requested information, 2) Petitioners allegedly do not have a proper purpose to inspect the records pursuant to 18 GCA § 281601, and 3) Petitioner's inspection demands are overbroad and not necessary and essential to their stated purpose.

On November 17, 2022, Petitioners filed a Reply in Support of Application for Injunction, claiming that: 1) ACE does not dispute their claim of irreparable harm; 2) ACE's allegations that Matulich was removed as the CEO and director of ACE and Gateway Network Connections, LLC ("GNC") are not backed by sufficient proof of its claims, and Matulich's status as CEO and director removes unresolved, and; 3) the Court must grant injunctive relief to Petitioners in order to preserve the remedy sought in arbitration.

On the same date, Petitioners filed a Reply in Support of Petition for Peremptory Writ of Mandate, claiming that Respondent acted in bad faith in failing to produce corporate documents, and that Petitioners' demand satisfies the "proper purpose" standard.

On November 18, 2022, the Court held a status hearing on the matter. On the same date, the Court issued an Order that the existing restraining order be extended until the Court issued its decision determining whether the temporary restraining order was either permanent or resolved.

On December 1, 2022, Petitioners filed a Request for Leave of Court to File Supplemental Brief, as well as the proposed Supplemental Brief in Support of Preliminary Injunction and Peremptory Writ. On December 9, 2022, ACE filed its Opposition to the Request. On January 31, 2023, the Court held a hearing on the Request. On February 7, 2023, the Court issued an Order granting Petitioners leave to file the Supplemental Brief, and ordering ACE to file its Response to the Supplemental Brief within ten days. On February 15, 2023, ACE filed its Response, asserting that it had already opposed the Request in its December 9, 2022 Opposition. On February 20, 2023, the Court took this matter under advisement.

## DISCUSSION

### 1. The Court Grants the Preliminary Injunction

In the Supplemental Brief, Petitioners argued for a Preliminary Injunction to re-issue the pre-arbitration injunction issued on November 4, 2022, which temporarily enjoined ACE from further corporate action, particularly special meetings of shareholders and proceeding with a preemptive rights capital call by GNC. Petitioners argued for the Preliminary Injunction claiming that, because ACE did not obtain Matulich's consent as its alleged fourth director, ACE failed to obtain the consent of the board of directors necessary to amend the articles of incorporation and proceed with the capital call. Petitioners further argue that the Preliminary Injunction is necessary to preserve the status quo pre-arbitration to "prevent further attempts to oppress minority shareholder rights."

Under Guam law, a preliminary injunction serves as an equitable policing measure to prevent the parties from harming one another during the litigation, and to keep the parties as far as possible in the respective positions they occupied when the suit began. *Tumon Partners, LLC*

*v. Shin*, 2008 Guam 15 ¶ 22. The purpose of a preliminary injunction is to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits. *Id.* However, before a preliminary injunction may issue, the plaintiff must show that he will suffer irreparable injury and that he otherwise lacks an adequate remedy at law. *Mack v. Davis*, 2013 Guam 13 ¶ 12.

In Guam, the test for obtaining a preliminary injunction is to show: 1) irreparable injury, and 2) the likelihood of succeeding on the merits. *Sananap v. Cyfred, Ltd.*, 2009 Guam 13 ¶ 13. As Petitioners have noted, the Guam Supreme Court holds that the standard for irreparable injury is to determine whether such injury is likely if the injunction is denied. *Mack*, 2013 Guam 13 ¶ 21. The Supreme Court has further held that diminishing a party's status as shareholder, or diluting a party's ownership in a company, which results in loss of control of a business, may constitute irreparable injury. *Id.* ¶ 23.

Petitioners have argued in the initial application for *ex parte* relief that, should the Court decline to enjoin ACE from further action, ACE and GNC "*may* change the majority control of GNC." *Mem. of Pts. and Auths. in Support of Application for Ex Parte Relief*, at 5 (emphasis added). But possibility does not necessarily equate to likelihood, and while the Supreme Court has entertained the likelihood standard for irreparable injury, by the same token, it has also noted the U.S. Supreme Court holding that mere possibility is not sufficient to find irreparable injury. "[T]he 'possibility' standard is too lenient. Our frequently reiterated standard requires plaintiffs seeking preliminary relief is *likely* in the absence of an injunction." *Mack*, 2013 Guam 13 ¶ 21 (citing *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). However, given that ACE's position in this case effectively revolves around depriving Petitioners of any potential influence on corporate decisions, the Court finds it likely that it would lessen

Petitioners' potential control if given the opportunity. Furthermore, given that the Hawaii Dispute Prevention and Resolution, Inc. arbitration panel ruled that Matulich was not effectively removed as CEO of ACE or director and CEO of GNC, and that this ruling was confirmed by the District Court of Hawaii on July 28, 2022, the Court finds there to be a likelihood that Petitioners may succeed on the merits. ACE argued in its reply that Matulich's status as an officer of either company is in dispute in the District Court of Guam. *See Gateway Network Connections, LLC v. Matulich*, Case No. 1:22-cv-00024 (D. Guam 2022). However, that case has since been dismissed due to Plaintiffs' failure to adequately plead subject matter jurisdiction, and the District Court has expressed no opinion on the merits. *Id.* Therefore, in the interim, the Court **ORDERS** that the preliminary injunction against ACE take effect until the Court decides that it is permanent or resolved.

## 2. The Court Grants the Peremptory Writ of Mandate.

A writ of mandate is an extraordinary remedy that may be issued by a court to compel the performance of an act which the law specifically enjoins. *Dumaliang v. Silan*, 2000 Guam 24 ¶ 7(citing *Holmes v. Terr. Land Use Comm'n*, 1998 Guam 8 ¶ 11). The issuance of a writ of mandate is an extraordinary remedy. *A.B. Won Pat Guam Int'l Airport Auth. v. Moylan*, 2005 Guam 5 ¶ 10. It is granted "in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law." 7 GCA § 31203 (2018). The decision of whether to issue an extraordinary writ lies within the discretion of the court. 7 GCA § 31401 (2018). It is ordered where the respondent has a clear, present, and ministerial duty to act, and the petitioner has a clear, present, and beneficial right to performance of that duty. *Holmes*, 1998 Guam 8 ¶ 11.

Regarding the Peremptory Writ, Petitioners furthered their argument from the November 4, 2022 hearing that Matulich's alleged status as a director of ACE and GNC gives him the right to demand inspection of the company's records, and that his stated purpose to investigate wrongdoing and malfeasance is recognized as a proper purpose. If confirmed to be a director, Matulich would have the right under statute to examine ACE's stock ledgers, a list of their stockholders and their other books and records, so long as it is reasonably related to his position as a director. 18 G.C.A. § 281601(c). In that instance, the Court would be vested with the exclusive jurisdiction to determine whether Petitioners would be entitled to the inspection sought, and may summarily order ACE to permit Matulich to inspect any and all books and records, the stock ledger, and the stock list, and to make copies or extracts therefore. *Id.* However, even if Matulich were <u>not</u> confirmed to be a director, any stockholder has the right to make the same inquiry, so long as they submit a written demand under oath stating a proper purpose for the inspection. 18 G.C.A. § 281601(a). A proper purpose is a purpose reasonably related to such person's interest as a stockholder. *Id.* Whether inspecting as a director or as a stockholder, the Court finds in either case that the purported investigation of wrongdoing and malfeasance is a sufficiently proper purpose to establish Petitioners' right to inspect the records in question.

The Court therefore **GRANTS** Petitioners' Peremptory Writ of Mandate.

## CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** the Petitioners' Request for Preliminary Injunction and Peremptory Writ.

**IT IS SO ORDERED** _____MAY 1 6 2023_____.



**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**